## Case No. 14,393.

UNION PAPER–BAG MACH. CO. et al. v. PULTZ & WALKLEY CO. et al.

[16 Blatchf. 76; 4 Ban. & A. 181.] [1]

Circuit Court, D. Connecticut. March 11, 1879.

PATENTS—PRIOR EXPERIMENTS—MACHINE FOR MAKING PAPER BAGS.

1. The decision in Union Paper-Bag Mach. Co. v. Pultz & Walkley Co. [Case No. 14,392], sustaining the validity of the first claim of the letters patent granted to William Goodale, July 12th, 1859, for improvements in machinery for making paper bags, confirmed.

2. An inoperative and abandoned model, containing a three-cutter knife, existed and was known to the patentee, but he was the first to demonstrate that such a knife would, in an organized machine, cut a blank from a roll of paper in the flat sheet, by a transverse cut, so that the blank, when cut off, would be of the form ready to be folded into a bag. Having done so, he had a right to claim the knife separately.

In equity.

George Harding, for plaintiffs.

Charles E. Mitchell and Benjamin F. Thurston, for defendants.

SHIPMAN, District Judge. Since the opinion in this case was filed [Case No. 14,392], the question which will be hereafter considered has been reargued, upon the application of the defendant. The point at issue between the parties is the effect of the patentee's knowledge of the E. W. Goodale model upon the construction of the first claim. It being admitted that such a construction is to be given to the claim as will limit and restrict it to the actual invention which the patentee made (Estabrook v. Dunbar [Case No. 4,535]; Keystone Bridge Co. v. Phœnix Iron Co., 95 U. S. 274), the defendants insist, that the invention of William Goodale, which is described in the first claim, consisted simply in his departure from, and improvement upon, the knife found in the E. W. Goodale model, of which knife the patentee is proved to have had knowledge. The precise question is—what was the invention of William Goodale?

If the E. W. Goodale knife had been an operative and effective piece of mechanism in a machine, the defendants would unquestionably be right, but it was, in fact, simply his idea expressed in a model, and communicated through that model to William Goodale. It was not a perfected but an inchoate invention. But, the defendants say, and this is the thought which runs through the argument of their counsel, that the model fully disclosed to William Goodale that the three-cutter system shown in the model was adequate to cut a bag blank from a roll of paper, suitable to be folded into a bag without further cutting out, and he cannot, therefore, claim broadly such cutting device, per se,

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 4 Ban. & A. 181; and here republished by permission.]

but can only claim specific improvements upon the same, which were invented by him, or new combinations. If it is true, as matter of fact, that William Goodale knew that the "three-cutter system" was adequate, as a part of an organized machine, to accomplish the result mentioned in the first claim, then his invention was simply an advance in the art, and he can only claim his specific improvement.

The proved state of facts is this: An abandoned model of a machine containing the three-cutter system was known and understood by William Goodale, who invented a better cutting mechanism. A model existed, but it had been discarded. The patentee entered the field of invention and attempted to make a paper bag machine. He did not make it in accordance with the model. The model gave him ideas, and these ideas he first worked out to a successful issue. Now it is said the old model was the boundary of his invention, because he knew that the method of the model would have been successful and was adequate to produce a successful result. The error of the defendant consists, as it seems to me, in the position, that the inoperative model, which could not make and never did make a blank, disclosed to William Goodale that its knife was, or could be, an effective cutting instrument in a machine, and that, therefore, his invention consisted solely in departing from the E. W. Goodale knife. The patentee's invention did not consist simply in making an improvement upon a pre-existing invention, because he did not know, and nobody knew, for nobody had ever made the experiment, whether that knife would make a blank, in a machine. The object of each experiment was to make a knife which, as a part of an organized machine, could cut a blank from a roll of paper in the flat sheet, by a transverse cut, so that the blank, when cut off, would be of the form ready to be folded into a bag. That result had not been accomplished. E. W. Goodale thought that he could accomplish it. He exhibited and abandoned his plan. Whether this plan would be successful was not then known, because it had not been tried; but William Goodale attained success upon his independent plan.

If the patentee had believed or had known that the E. W. Goodale knife could not accomplish the work, and that it had been properly abandoned as a useless experiment, it could not justly be claimed that the patented invention consisted merely in being an improvement upon the abandoned knife. Is the position of William Goodale as an inventor altered by the fact, that, instead of believing that the knife of his brother was a useless knife, he knew nothing in regard to its utility, because its utility had never been tested, and then existed only in theory? Its utility has now been proved, and it is natural to impute to William Goodale, at the date of his invention, the knowledge which is now enjoyed; but no such knowledge then existed.

It is said, and said truly, that the subject of the first claim is a knife not in combination with any other part of the machine, and, therefore, for the purposes of this case, the knife, per se, was the thing which the patentee invented; and it is strenuously insisted, that the court must look at the two knives, disconnected from any other mechanism, and that it is obvious that the patentee knew, or must have known, that his brother's knife would cut the desired blank, and that there could have been no ignorance in regard to the feasibility of the device, for simple inspection would impart knowledge, and no experiment was necessary. But the knife was not to be a hand tool. It was to be a part of an automatic bag machine, and, therefore, a knife was to be invented which could be used in connection with other parts of the machine, although, in the claim, it is, properly, separately claimed. Inspection would show that such a knife would cut out pieces of paper in the form of a blank. Inspection would not show that it would operate in the place where it necessarily must be used. The fact that such a knife would do the work was not a part of the fund of knowledge which the patentee had when he commenced to plan his invention.

If, then, as I think was the case, all that William Goodale knew was that the three-cutter system had been represented in a model, with which model he was familiar, and that the model had been laid aside, but did not, therefore, know that it was adequate to do the work, he started, as an independent inventor, into an unoccupied field of invention, and his invention is as broad as the territory which he actually reduced to possession.

For these reasons, I still give to the first claim the same construction which was given in the former opinion.